*In re* GEORGE L. NADELL & CO., INC.

SMOKLER'S APPEAL.

1. CORPORATIONS—PARTNERSHIP—FINDING OF COURT—EVIDENCE.
   In chancery liquidation proceedings of corporation wherein claimant filed claim evidenced by postdated checks issued by the corporation upon which payment had been refused, finding of trial court that brokerage transaction as a result of which checks were issued had not been with corporation but its president individually or with a partnership of which he was a member which had offices with the corporation and used its bank account with specially designated checks and that payee's agent understood that he was not dealing with the corporation *held*, supported by competent evidence and not against the clear preponderance of the evidence.

2. APPEAL AND ERROR—CHANCERY APPEAL—HEARING DE NOVO.
   Upon appeal in an equity case the Supreme Court looks at the evidence *de novo*.

3. CORPORATIONS—LIQUIDATION PROCEEDINGS—CLAIM AS PLEADING.
   The claim filed in chancery liquidation proceedings of a corporation is in the nature of a pleading and the rights of the claimant must be determined from his claim.

4. APPEAL AND ERROR—CORPORATIONS—CLAIM—POSTDATED CHECKS.
   Question as to legal effect of corporation's postdated checks upon

which payment was refused raised by claimant on appeal in chancery liquidation proceedings is not discussed where not presented in claim as filed.

Appeal from Ingham; Carr (Leland W.), J. Submitted April 3, 1940. (Docket No. 27, Calendar No. 41,009.) Decided June 3, 1940.

In the matter of the receivership of George L. Nadell & Company, Inc. Bert L. Smokler presented his amended proof of claim. From order denying allowance of claim, claimant appeals. Affirmed.

*Sempliner, Dewey, Stanton & Honigman,* for claimant.

*William E. Tarsney,* for the receiver.

SHARPE, J. George L. Nadell & Company, Inc., is being liquidated in chancery proceedings in the Ingham county circuit court. In the liquidating proceedings, provision was made for the filing of claims of creditors. Among the claims filed is the claim of Bert L. Smokler, appellant, in the sum of $14,395.

George L. Nadell & Company, Inc., and Nadell Brothers, a partnership, were investment brokers, both organizations carrying on the same type of business and occupying the same offices. A separate set of books was kept in the offices for each organization, but the partnership did not have a separate bank account. It was the general practice for the partnership to have a credit account with the corporation and the corporation issued checks upon the direction of the partnership. The amount of these checks was then debited to the partnership account on the corporation books. Partnership checks were indicated by the letter D on the checks.

Prior to the claim involved in this case, the investment house had acted as Smokler's broker in several transactions. Julius Berman, claimant's father-in-law, acted as claimant's agent in the transaction involved here. It is urged by Smokler that the claim arises out of unpaid balances owing him upon the sale of the capital stock of the Ekhardt & Becker Brewing Company made by the corporation as his broker from June 8, 1937, to and including November 11, 1937, and that the claim is evidenced by checks issued by the corporation upon which payment has been refused. When the cause came on for trial, claimant introduced in evidence approximately 50 postdated checks bearing the printed heading "George L. Nadell & Company, Inc., Investments." Each of these checks was signed "George L. Nadell & Company, Inc., George Nadell, President."

Mr. Freedman, office manager and bookkeeper for the corporation and partnership, testified in behalf of the corporation as follows:

"I was also an employee of Nadell Brothers. I gave receipts sometimes in the name of George L. Nadell & Company and sometimes in the name of George L. Nadell, Inc. If the transactions were with George L. Nadell & Company I gave a George L. Nadell & Company receipt. If the deal was Nadell Brothers I did not always give a Nadell Brothers receipt, sometimes in the name of George L. Nadell individually and oftentimes the receipts went through and the '& Company' was scratched off and changed, should have been so that particular time. This was correct—I knew when the transaction was handed to me it was a Nadell Brothers transaction and therefore I put it in their blotter, their books. I did not sign a Nadell Brothers receipt, I signed George L. Nadell & Company receipt."

George L. Nadell testified as follows:

"Nadell Brothers did not have a separate bank account. * * * So far as the bank is concerned, they were authorized to pay them (checks) out of the George L. Nadell Company account; so far as any other outsider is concerned, they were not full faith creditors of George L. Nadell & Company, not in any transaction similar to the one discussed here now, they were merely a private transaction, * * * involving us using the brokerage office merely as a pay window to pay through as we had credit on the books of that company.

"Julius Berman had an account with George L. Nadell & Company running in his name. Julius Berman had an account with me also as a broker and not as George L. Nadell, Inc. * * *

"I have done all of my negotiating with Mr. Berman. This particular Smokler claim is not a company transaction. * * *

"*The Court:* Did you ever discuss with him whether he was doing business with you individually or with the corporation?

"*A.* Always done business with me. These transactions between Mr. Berman and myself date back two years or better.

"*The Court:* Were the loans or charges you made, to you personally or to the corporation?

"*A.* Always to me personally. Any corporation transaction was handled on the corporation books, executed in a corporate manner. In other words, the corporation itself never issued checks payable in advance."

The trial court disallowed the claim and found as a fact that Mr. Berman understood that these transactions were between himself, his principal, and Nadell Brothers or George L. Nadell individually. In our opinion it was a question of fact to be deter-

mined by the trial court whether the transactions were with the corporation or the partnership. Mr. George L. Nadell testified that the transactions were with the partnership. Mr. Berman, the agent of claimant, did not testify. The trial court had to determine between the documentary evidence of the checks and receipts as against the testimony of George L. Nadell supported in part by Mr. Freedman. This being an equity case we look at the evidence *de novo* and are not convinced that the clear preponderance of the evidence opposes the views of the trial court. There is competent evidence to support the finding of the trial court upon this question of fact.

It is urged by claimant that these checks, being postdated, have the same legal effect as promissory notes which were given either to pay the debt of another (the partnership) out of funds of the partnership in the hands of the corporation or for the benefit of a third party (claimant). The receiver urges that this question was not raised below, was not passed upon by the trial court, and may not be raised in the Supreme Court for the first time. We do not find it necessary to determine the effect of these postdated checks as the claimant in filing his amended proof of claim says:

"That the said claim arises out of unpaid balances owing him upon the sale of the capital stock of the Ekhardt & Becker Brewing Company made by the said George L. Nadell & Company, Inc., as his brokers, from the 8th day of June, 1937, to and including a final sale of 4,700 shares of said stock made on the 11th day of November, 1937. That the claim is evidenced by checks duly issued by the George L. Nadell & Company, Inc., and upon which payment has been refused."

The claim filed is in the nature of a pleading and the rights of claimant must be determined from his claim

filed in the court, rather than a theory of the effect of unpaid checks. The finding of facts by the trial court on the factual question concurred in by our court disposes of all questions properly before us.

The decree is affirmed, with costs to the receiver of the corporation.

BUSHNELL, C. J. and POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.